# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Case no.: 2:20-cv-18906 MCA**
**Case no.: 2:21-cv-16401 JXN**
**Consolidated Appeals**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| **JOHN PATRICK O'GRADY,** | : | Case no.: 19-19513 JKS |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| **KOPELMAN & KOPELMAN, LLP** | : | |
| | : | |
| Appellant, | : | ON APPEAL FROM |
| | : | ORDER CONFIRMING PLAN |
| vs. | : | ENTERED DECEMBER 2, 2020 |
| | : | ORDER APPROVING SETTLEMENT |
| **JOHN PATRICK O'GRADY, BARRY** | : | ENTERED ON AUGUST 18, 2021 |
| **R. DONALDSON and BRIAN W.** | : | CHAPTER 7 CASE NO. 19-19513 |
| **HOFMEISTER, ESQ., CHAPTER V** | : | HON. JOHN K. SHERWOOD, USBJ |
| **TRUSTEE,** | : | |
| Appellees. | : | |
| | : | |

---

## CONSOLIDATED BRIEF OF APPELLEE BARRY R. DONALDSON

---

**GENOVA BURNS, LLC**
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Scott S. Rever, Esq.
Telephone: 973-467-2700
Email: srever@genovaburns.com
*Counsel to Barry R. Donaldson, Creditor-Appellee*

## TABLE OF CONTENTS

Table of Contents ........................................................................................... i

Table of Authorities ....................................................................................... ii

Statement of Issues Presented and Applicable Standard of Appellate Review ................... 1

    A. Statement of Issues Presented ............................................................. 1

    B. Applicable Standard of Appellate Review ........................................ 1

Procedural History and Statement of the Case ................................................ 2

    A. Procedural History ............................................................................. 2

    B. Statement of the Case ....................................................................... 3

Summary of the Argument .............................................................................. 8

Legal Argument .............................................................................................. 11

    Point I – The Bankruptcy Court did not abuse its discretion
    in approving the settlements ................................................................. 11

    Point II - Notice was provided to parties in interest and Appellant
    failed to raise any notice issue with the Bankruptcy Court and
    accordingly, Appellant's argument is waived and should not be
    considered by this Court ....................................................................... 15

    Point III - Appellant did not appeal from the Bankruptcy Court's
    Order staying the adversary proceeding and accordingly, it is not
    a proper issue on this appeal ................................................................ 16

    Point IV - The Bankruptcy Court had jurisdiction to approve
    the Trustee's settlement with Donaldson ............................................. 17

Conclusion ...................................................................................................... 18

Certificate of Compliance with Bankruptcy Rule 8015(a)(7) ......................... 19

i

# **TABLE TO AUTHORITIES**

**Cases**

In re Apex Oil Co., 92 B.R. 847 (Bankr. E.D. Mo. 1988)..................................................11

Continental Cas. Co. v. Dominic D'Andrea, Inc., 150 F3d 245, 251 (3rd Cir. 1998)........15

Eichenholtz v. Brennan, 52 F3d. 478, 487 (3rd Cir. 1995)....................................................1

In re: Environmental Energy, Inc., 188 F3d. 116, 122 (3rd Cir. 1999) ...............................1

In re Hydronic Enters., Inc., 58 B.R. 363 (Bankr. D.R.I. 1986) ........................................11

In re: Martin, 91 F3d. 389 (3rd Cir. 1996)............................................1, 10, 11, 12, 13, 14,

In re Neshaminy Office Bldg. Assoc., 62 B.R. 798, 803 (E.D.Pa. 1986)) ........................11

In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)(citation omitted).......11

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968)...............................................................................................................11

In re: PWS Holding Corp., 228 F3d. 224, 235 (3rd Cir. 2000) ...........................................1

**Statutes**

Federal Rule Bankruptcy Procedure 9019(a).............................................................11, 12

New Jersey Court Rule 4:59(d)(1) ..........................................................................4, 8, 12

11 U.S.C. §523...............................................................................................................9, 12

D.N.J. LBR 9019-3 ...........................................................................................................15

## STATEMENT OF ISSUES PRESENTED AND APPLICABLE STANDARD OF APPELLATE REVIEW

### A.     STATEMENT OF ISSUES PRESENTED

Whether the Bankruptcy Court abused its discretion by approving the settlement by and between the Debtor and Barry R. Donaldson ("Donaldson") incorporated in the Debtor's Confirmed Plan of Reorganization, and the subsequent settlement between the Chapter 7 Trustee and Donaldson, and if the settlements were within the reasonable exercise of the Debtor's and the Trustee's business judgment, and satisfied the requirements of In re: Martin, 91 F3d. 389 (3rd Cir. 1996).

Whether the Bankruptcy Court's Order confirming the Debtor's Chapter 11 Plan of Reorganization should be reversed on the premise that the Debtor's settlement with one creditor memorialized in the Plan did not satisfy the requirements of In re: Martin, 91 F3d. 389 (3rd Cir. 1996).

### B.     APPLICABLE STANDARD OF APPELLATE REVIEW

The applicable standard of appellate review with respect to an Order by a Bankruptcy Court approving a settlement is whether the Bankruptcy Court abused its discretion. In re: Martin, 91 F3d. 389, 391 (3rd Cir. 1996); Eichenholtz v. Brennan, 52 F3d. 478, 487 (3rd Cir. 1995).

The applicable standard of appellate review with respect to an appeal of a confirmation order is that the Court's legal determinations are reviewed *de novo*, factual findings for clear error, and its exercise of discretion for an abuse thereof. In re: PWS Holding Corp., 228 F3d. 224, 235 (3rd Cir. 2000); In re: Environmental Energy, Inc., 188 F3d. 116, 122 (3rd Cir. 1999).

## PROCEDURAL HISTORY AND STATEMENT OF THE CASE

### A.    PROCEDURAL HISTORY

John Patrick O'Grady ("Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 9, 2019. [BRD #1][1] On May 10, 2019, John Sywilok, Esq. was appointed Chapter 7 Trustee ("Trustee") in the Debtor's bankruptcy case. [BRD #6] On September 18, 2019, an Order was entered by the Bankruptcy Court authorizing the retention of Kopelman & Kopelman LLP ("Kopelman") as counsel for the Trustee. [BRD #27]

On December 2, 2020, the Bankruptcy Court entered an Order confirming the Debtor's Subchapter V Chapter 11 Plan over the objection of the Trustee and Kopelman. [BRD #173]. On December 16, 2020, Kopelman and the Trustee filed a Notice of Appeal to the District Court of New Jersey with respect to the Order confirming the Debtor's Plan. [BRD #180]

On April 5, 2021, the Trustee was reappointed as Chapter 7 Trustee in the Debtor's bankruptcy case. [BRD #216] On June 2, 2021, the Trustee filed a motion to approve a settlement by and between the Trustee and Donaldson to resolve the dispute regarding Donaldson's claim and to resolve the Trustee's appeal of the Confirmation Order. [BRD #221] On August 18, 2021, the Bankruptcy Court entered an Order approving the settlement by and between the Trustee and Donaldson over the objection of Kopelman. [BRD #237]

On August 31, 2021, Kopelman filed a Notice of Appeal with respect to the Bankruptcy Court's Order approving the settlement by and between the Trustee and Donaldson. [BRD #239]

On September 2, 2021, Kopelman filed a motion to consolidate the pending appeals. [DCD # 20][2] On October 6, 2021, an Order was entered consolidating the appeals. [DCD #22]

---

[1] BRD = Bankruptcy Court Docket
[2] DCD = District Court Docket

## B.    STATEMENT OF THE CASE

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 9, 2019. [BRD #1] On May 10, 2019, the Trustee was appointed Chapter 7 Trustee in the Debtor's bankruptcy case. [BRD #6] On September 18, 2019, an Order was entered by the Bankruptcy Court authorizing the retention of Kopelman as counsel to the Chapter 7 Trustee. [BRD #27]

In the Debtor's bankruptcy schedules filed with the Bankruptcy Court, the Debtor scheduled that he owned certain real property located at 91 Midvale Mountain Road, Mahwah, New Jersey 07430 (the "Property") with a value of 750,000.00. [BRD #10, Schedule A] In addition, the Debtor scheduled two mortgages on the Property, one in favor of TIAA Bank securing a debt in the amount of $650,000.00 and one in favor of Bank of America Home Equity securing a debt in the amount of $125,000.00. [BRD #10, Schedule D]

Prior to the Petition Date, Appellee Donaldson obtained a judgment against the Debtor in the Massachusetts Superior Court in the amount of $1,834,537.02 plus interest and costs. [See attachment to Claim no. 1 on DCR][3] Donaldson alleged the claim was incurred by the Debtor's fraud. Donaldson domesticated the judgment in New Jersey and obtained a Writ of Execution on November 21, 2018 from the Superior Court, Law Division, Bergen County, Docket Number DJ-165030-18. [See attachment to Claim no. 1 on Debtor's Claims Register] Thereafter, the Bergen County Sheriff levied on the Property on Donaldson's behalf. [See attachment to Claim no. 1 on Debtor's Claims Register]

Accordingly, on June 7, 2019, Donaldson filed a Proof of Claim in the Debtor's bankruptcy case in the amount of $1,926,745.48 for the amount of the judgment plus interest and costs, Claim

---

[3] DCR = Debtor's Claims Register

Number 1 on the Bankruptcy Court's Claims Register, asserting a secured claim in the Property in the amount of the assessed value of the Property of $1,237,600.00 and a general unsecured claim in the amount of $689,145.48. [DCR, Claim no. 1]

Upon information and belief, the Trustee and Kopelman believed that the value of the Property exceeded the value that the Debtor scheduled, and that there was equity over and above the mortgages. In light of the foregoing, on October 24, 2019, the Trustee, through Kopelman filed an Adversary Complaint, Adv. Pro. No. 19-02213 against various alleged secured creditors including Donaldson to determine the extent, validity and priority amount of liens. [BRD #35]

As to Donaldson's claim, the Trustee alleged that New Jersey Court Rule 4:59(d)(1) required Donaldson to exhaust efforts to collect on his judgment from the Debtor's personal property before levying and accordingly, Donaldson's judgment lien was avoidable. [BRD #35]

On December 30, 2019, Donaldson filed an answer to the Trustee's complaint denying that Rule 4:59(d)(1) required Donaldson to exhaust personal property prior to the levy, and denying the Trustee's allegations that Donaldson did not exhaust his efforts to try to collect his judgment from the Debtor's personal property prior to the levy. [APD #15]

While the Adversary Proceeding was pending, on April 7, 2020 the Debtor filed a motion to convert his case to a Chapter 11, Subchapter V case. [BRD #82] On May 18, 2020, the Bankruptcy Court entered an Order granting the Debtor's motion to convert his case to a Chapter 11, Subchapter V case, over the objection of the Trustee and his counsel. [BRD #91] In the light of the conversion of the Debtor's bankruptcy case to a Chapter 11, Subchapter V case, and as result of the Trustee no longer being Chapter 7 Trustee with authorization to pursue the Adversary Proceeding, on May 18, 2020, the Bankruptcy Court entered an Order staying the Adversary Proceeding. [APD #19] This order is not subject to an appeal.

On September 21, 2020, the Debtor filed a Chapter 11 Small Business Plan. [BRD #131] On October 23, 2020, the Debtor filed an amended Chapter 11 Small Business Plan. [BRD #152] The Debtor's Plan memorialized an agreement by and between the Debtor and Donaldson with respect to Donaldson's claim which required the Debtor to make monthly payments of $1,667.00 to Donaldson for 10 years, plus Donaldson would retain his lien on the Property in the amount of $900,000.00 less payments made. [BRD #152, page 13 and 14]

On November 18, 2020, the Bankruptcy Court entered a Consent Order extending the deadline for Donaldson to object to the dischargeability of his debt. [BRD #169]

The Trustee and Kopelman objected to the confirmation of the Debtor's Amended Plan. [BRD #160 and 162] One of the objections was that Donaldson's claim was not secured or was avoidable and therefore the treatment under the Plan of Donaldson's claim was inappropriate. At the Confirmation Hearing, counsel for the Trustee expressed concern that if the Debtor defaulted on his payments and the case was converted to Chapter 7, there would be no recourse for the Debtor's other creditors. In light of the objection, Donaldson consented to limit his secured claim upon default to 50% of the equity over and above the first and second mortgages so that there would be funds available for other creditors should the Debtor default and the case was converted to Chapter 7.

On December 2, 2020, the Bankruptcy Court entered an Order confirming the Debtor's Chapter 11, Subchapter V Plan which memorialized Donaldson's agreement to limit his secured claim to 50% of the equity over and above the first and second mortgage so that funds would be available to the Debtor's other creditors, and the Bankruptcy Court entered the Order over the objection of the Chapter 7 Trustee and Kopelman. [BRD #173] In addition, the Confirmation Order memorialized the agreement between Donaldson and the Debtor through which the Debtor agreed

to a non-dischargeable judgment in favor of Donaldson in the amount of $250,000.00, less

payments received by Donaldson under the Plan and/or from any sale of the Property. [BRD #173]

In the Confirmation Order, the Bankruptcy Court specifically determined that the

settlement between the Debtor and Donaldson was reasonable and stated as follows:

> **ORDERED**, that the Court's findings set forth on the record on
> November 18, 2020 are supplemented as follows - The terms
> concerning the treatment of the Donaldson claim under the Plan and
> this Order reflect a settlement of issues between Donaldson and the
> Debtor concerning the discharegability of Donaldson's claim and
> the validity of Donaldson's alleged judgment lien. Such settlements
> are allowed to be incorporated into Chapter 11 plans under §
> 1123(b)(3) of the Bankruptcy Code. Counsel to the former Chapter
> 7 Trustee has argued that the Donaldson judgment lien can easily be
> avoided using the estate's "strong-arm powers" under § 544(a) of
> the Bankruptcy Code. In support, counsel has cited to *Matter of
> Silverman*, 2 B.R. 326 (Bankr. D.N.J. 1980). The Court has
> reviewed this decision as well as *In re Hillesland*, 2020 WL
> 4809882 (Bankr. D.N.J. 2020) and *Matter of Mariano*, 339 B.R. 334
> (Bankr. D.N.J. 2006). The Court has also reviewed the Donaldson
> Proof of Claim (Claim 1-1) which attaches a Writ of Execution dated
> November 20, 2018 and proof of service of same. Based on this
> limited review, it appears that the process of avoiding Donaldson's
> judgment lien may involve factual issues such as whether
> Donaldson made a good faith effort to locate the Debtor's personal
> property before levying on the real estate. The Debtor's estate would
> be burdened with additional legal fees. Also, as set forth on the
> record at the confirmation hearing, even if the Donaldson judgment
> lien is set aside, Donaldson would be the largest unsecured creditor
> by far and would receive a substantial amount of the funds generated
> from the litigation against it. For these reasons (and those already
> stated on the record), the Court finds that the settlement is
> reasonable.

On December 16, 2020, Kopelman and the Trustee filed a Notice of Appeal to the District

Court of New Jersey with respect to the Order confirming the Debtor's Plan. [BRD #180] After

the Plan was confirmed the Debtor failed to make payments required under the Plan, and

accordingly Kopelman filed a motion to convert the case to Chapter 7. [BRD #192] Thereafter

Kopelman filed a second motion to convert the case to Chapter 7.  [BRD #197] By Order of the

Bankruptcy Court dated March 31, 2021, the Debtor's case was reconverted to Chapter 7. [BRD #212]

After the reconversion, on April 5, 2021, the Trustee was reappointed Chapter 7 Trustee. [BRD #216] On April 13, 2021, the Trustee filed an application to retain Kopelman as counsel to the Trustee. [BRD #217] On April 20, 2021, the Trustee withdrew his application to retain Kopelman as counsel to the Trustee. [BRD #219]

Thereafter, the Trustee and Donaldson engaged in settlement discussions to resolve the issues between them and a settlement was reached. On June 2, 2021, the Trustee filed a motion to approve a settlement by and between the Trustee and Donaldson to resolve the dispute regarding Donaldson's claim and to resolve the Trustee's appeal of the Confirmation Order. [BRD #221] The settlement provided that upon the sale of the Property by the Trustee, Donaldson would be entitled to a reduced amount of 45% of the equity over and above the first and second mortgage and that the bankruptcy estate would retain 55% of the equity over and above the mortgages. [BRD #221-2] Moreover, the settlement provided that since it was anticipated that Donaldson would have such a large general unsecured deficiency claim after receipt of 45% of the sale proceeds, Donaldson subordinated the balance of his claim to the claims of the Debtor's other creditors so the other creditors would receive a larger distribution. [BRD #221-2] Lastly, the settlement provided that the Trustee would dismiss his appeal of the Confirmation Order. [BRD #221-2]

On August 18, 2021, the Bankruptcy Court entered an Order approving the settlement by and between the Trustee and Donaldson over the objection of Kopelman. [BRD #237] On August 31, 2021, Kopelman filed a Notice of Appeal with respect to the Bankruptcy Court's Order approving the settlement by and between the Trustee and Donaldson. [BRD#239]

## **SUMMARY OF THE ARGUMENT**

The Bankruptcy Court did not abuse its discretion approving the settlement by and between the Debtor and Donaldson incorporated in the Debtor's Confirmed Plan, nor did it abuse its discretion in approving the subsequent settlement by and between the Trustee and Donaldson.

If Donaldson's perfected judgment lien was found to be valid, there would be no equity in the Property available for the Debtor's creditors, and the Property would have had to have been abandoned by the bankruptcy trustee or the debtor, as there would be no benefit whatsoever from the Property for the Debtor's creditors. The settlement between Donaldson and the Debtor memorialized in the Debtor's Confirmed Plan, resolved two hotly contested issues that could have resulted in protracted litigation, delay and costs to the parties. First of all, the litigation resolved the issues raised by the Trustee regarding the extent and validity of Donaldson's lien on the Property. As set forth in Donaldson's Answer to the Trustee's complaint, it was his position that New Jersey Court Rule 4:59(d)(1) does not require a judgment creditor to exhaust efforts to collect on personal property prior to levying, but rather that Section provides a requirement to exhaust personal property prior to a sale by the judgment creditor. Since Donaldson never sought to sell the Property under State law, Rule 4:59(d)(1) is inapplicable. Moreover, it was Donaldson's contention that he exhausted his efforts to collect from personal property prior to his levy.

The litigation regarding Donaldson's lien would have involved hotly contested factual and legal issues and would be costly to all parties. Moreover, with the extent of the equity in the Property being uncertain, it was not financially feasible for anybody to litigate the issues. The Trustee still has not been able to sell the Property so the extent of any equity is questionable. The parties may be fighting over nothing and this further supports the prudence of the settlement, but definitely not this appeal. Donaldson's counsel asked Kopelman to stay this appeal pending the

sale of the Property but Kopelman refused, forcing Donaldson and this Court to potentially expend unnecessary time and effort in this matter.

Moreover, the settlement resolved Donaldson's potential claim against the Debtor to object to the dischargeability of his debt. Donaldson alleged that his claim was incurred by the Debtor's fraud and therefore it was not dischargeable under 11 U.S.C. §523. The settlement by and between the Debtor and Donaldson resolved this issue, whereby the parties agreed to fix the non-dischargeable amount of the claim at $250,000.00, which would thereafter be reduced by any payments made by the Debtor to Donaldson under the Confirmed Plan and/or funds received by Donaldson from a sale of the Property. Accordingly, the settlement had significant benefits for all parties as it resolved hotly contested issues which resulted in a confirmed plan designed to enable the Debtor to retain his interest in his assets, including his residence, and which was supported by the Debtor's creditors, and appeared to be in the best interest of the Debtor, his bankruptcy estate and its creditors.

As to the subsequent settlement by and between Donaldson and the Trustee, the settlement had substantial benefits for all parties involved. First of all, Donaldson agreed to a 5% reduction of the distribution he was supposed to receive pursuant to the settlement under the Debtor's Plan. Moreover, it ensured that if there was equity in the Property over and above the mortgages, that there would be funds available for the creditors of the estate, whereas if Donaldson's lien was determined to be valid the other creditors would get nothing.

Moreover, Donaldson agreed to subordinate any general unsecured deficiency claim to that of other creditors so that other creditors would receive a more meaningful distribution as opposed to being treated pro rata with Donaldson's large general unsecured claim. It was also the intention of the parties that the settlement was supposed to resolve the appeal of the Confirmation Order that

is the subject of this appeal, however oddly, while the Trustee has settled with Donaldson, the Trustee's former counsel, Kopelman, in its own stead, decided to continue to prosecute the appeal as a creditor in the case.

As set forth in more detail in Donaldson's legal argument below, settlements are favored in bankruptcy cases, and the settlements that were approved by the Bankruptcy Court in this matter are consistent with that tenet and the Third Circuit's requirements for approval of settlements as set forth in <u>In Re: Martin</u>, 91 F3d. 389 (3rd Cir. 1996).

## LEGAL ARGUMENT

**POINT I – THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN APPROVIING THE SETTLEMENTS.**

The Bankruptcy Court did not abuse its discretion in approving the settlement by and between the Debtor and Donaldson incorporated in the Debtor's Confirmed Plan, nor did it abuse its discretion in approving the subsequent settlement by and between the Trustee and Donaldson.

F.R.B.P. 9019(a) ("9019(a)") authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy. Although Rule 9019(a) contains no standards for judicial approval of a settlement, case law directs the Court to determine whether the settlement is "fair and equitable" and "in the best interests of the estate." In re Apex Oil Co., 92 B.R. 847 (Bankr. E.D. Mo. 1988); Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); In re Hydronic Enters., Inc., 58 B.R. 363 (Bankr. D.R.I. 1986). The settlement need not be the best that could have been achieved, but only must fall "within the reasonable range of litigation possibilities." In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)(citation omitted).

The United States Court of Appeals for the Third Circuit has held that in determining whether to approve a settlement of controversy, a court should consider the following four factors: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors (collectively the "Martin Factors"). In re Martin, 91 F.3d 389, 393 (3d Cir. 1996)(citing in re Neshaminy Office Bldg. Assoc., 62 B.R. 798, 803 (E.D.Pa. 1986)).

The Third Circuit also observed that settlements are favored in bankruptcy to minimize litigation costs and to expedite administration of the estate. Id.

The Bankruptcy Court held in its discretion that application of the aforementioned <u>Martin</u> Factors to the facts here established that the settlements fell within the "range of reasonableness" which governs Rule 9019(a).

The first <u>Martin</u> factor, the probability of success in litigation, is impossible to predict. It is evident in this case that the probably of success is nowhere near "100 percent." <u>See</u> <u>Martin</u>, 91 F.3d at 393 (probability of success was 100 percent because a verdict already had been obtained). As set forth in Donaldson's Answer to the Trustee's complaint, it was his position that New Jersey Court Rule 4:59(d)(1) does not require a judgment creditor to exhaust efforts to collect on personal property prior to levying, but rather that Section provides a requirement to exhaust personal property prior to a sale by the judgment creditor. Since Donaldson never sought to sell the Property under State law, Rule 4:59(d)(1) is inapplicable. Moreover, it was Donaldson's contention that he exhausted his efforts to collect from personal property prior to his levy. Moreover, the settlement resolved Donaldson's potential claim against the Debtor to object to the dischargeability of his debt. Donaldson alleged that his claim was incurred by the Debtor's fraud and therefore, it was not dischargeable under 11 U.S.C. §523.

Kopelman interprets this <u>Martin</u> factor as requiring the Bankruptcy Court to litigate and determine the ultimate issue before approving any settlement. If this were the case, there would be no settlements as every issue would have to finally be determined to approve a settlement. While Kopelman believes strongly that Donaldson's lien is avoidable, Donaldson feels strongly that it is not. Kopelman does not acknowledge the risk of an adverse determination which would result in creditors getting nothing. This all or nothing approach is not in the best interest of the Debtor's creditors as the other creditors in the case who did not object to the settlement, and the Trustee ultimately recognized. Kopelman would prefer to have all parties spend more money than is at

stake by litigating the matter to completion. Judge Sherwood recognized Kopelman's 'scorched earth' approach during the hearing and repudiated it as not being in the best interest of all creditors.

For the foregoing reasons, the first prong of the <u>Martin</u> test weighs in favor of the Settlement.

The second <u>Martin</u> factor, difficulty of collection, is not applicable as the claim being resolved involves avoidance of a perfected judgment lien and the non-discharegability of a claim against the Debtor. Accordingly, the bankruptcy estate's ability to collect is not at issue.

The third <u>Martin</u> factor, the complexity, expense, inconvenience, and delay of the litigation, weighs decidedly in favor of a compromise.  If litigation by and between the Debtor and Donaldson, or the Trustee and Donaldson continued, it would have involved complicated and arguably unsettled legal issues and hotly contested facts, the resolution of which would have required substantial time and expense.  Prosecuting and defending these claims to completion would have required discovery and several days of trial and possible appeals. Moreover, with the extent of the equity in the Property being uncertain, it was not financially feasible for anybody to litigate the issues. The Trustee still has not been able to sell the Property so the extent of any equity is questionable. The parties may be fighting over nothing and this further supports the prudence of the settlement, but definitely not this appeal. Given the uncertainty of the outcome, the settlements offered the best resolution.

The paramount interests of creditors, the final <u>Martin</u> factor, also supports approval of the settlements.  The settlements, rather than speculative litigation, was clearly in the best interests of creditors. The settlement had significant benefits for all parties as it resolved hotly contested issues which resulted in a confirmed plan designed to enable the Debtor to retain his interest in his assets,

including his residence, and which was supported by the Debtor's creditors, and appeared to be in the best interest of the Debtor, his bankruptcy estate and its creditors.

As to the subsequent settlement by and between Donaldson and the Trustee, the settlement had substantial benefits for all parties involved. First of all, Donaldson agreed to a 5% reduction of the distribution he was supposed to receive pursuant to the settlement under the Debtor's Plan. Moreover, it ensured that if there was equity in the Property over and above the mortgages, that there would be funds available for the creditors of the estate, whereas if Donaldson's lien was determined to be valid the other creditors would get nothing.

Moreover, Donaldson agreed to subordinate any general unsecured deficiency claim to that of other creditors so that other creditors would receive a more meaningful distribution as opposed to being treated pro rata with Donaldson's large general unsecured claim.  It was also the intention of the parties that the settlement was supposed to resolve the appeal of the Confirmation Order that is the subject of this appeal, however oddly, while the Trustee has settled with Donaldson, the Trustee's former counsel, Kopelman, in its own stead, decided to continue to prosecute the appeal as a creditor in the case.

For the foregoing reasons, the settlements were a reasonable exercise of the Debtor's and the Trustee's business judgment and satisfy the requirements of <u>In re: Martin</u> for approval of settlements. Accordingly, the Bankruptcy Court's Orders should be affirmed.

**POINT II – NOTICE WAS PROVIDED TO PARTIES IN INTEREST AND APPELLANT FAILED TO RAISE ANY NOTICE ISSUE WITH THE BANKRUPTCY COURT AND ACCORDINGLY, APPELLANT'S ARGUMENT IS WAIVED AND SHOULD NOT BE CONSIDERED BY THIS COURT**

Appellant argues that the settlement between the Debtor and Donaldson pursuant to the Confirmation Order was procedurally defective as no notice of settlement was issued pursuant D.N.J. LBR 9019-3. First of all, the purpose of the statute is to ensure that parties in the case are given proper notice of settlements before the Bankruptcy Court.  In this case, the settlement was incorporated in the Debtor's Chapter 11 Plan. As set forth in the Certification of Service filed by the Debtor with respect to the Plan, all creditors and parties in interest were served with the Plan. Accordingly, the service of the Plan and the Court's service of the notice of confirmation hearing on the Plan that incorporated the settlement is sufficient in lieu of the notice requirement of D.N.J. LBR 9019-3.

In addition, the Appellant failed to raise the issue of lack of appropriate notice under D.N.J. LBR 9019-3 with the Bankruptcy Court and accordingly, Kopelman effectively waived the issue, and it should not be considered by this Court for the first time on appeal. Continental Cas. Co. v. Dominic D'Andrea, Inc., 150 F3d 245, 251 (3rd Cir. 1998)(Appellate Courts will not consider issues raised for the first time on appeal).

**POINT III – APPELLANT DID NOT APPEAL FROM THE BANKRUPTCY COURT'S ORDER STAYING THE ADVERSARY PROCEEDING AND ACCORDINGLY, IT IS NOT A PROPER ISSUE ON THIS APPEAL**

Appellant asserts that the Bankruptcy Court should not have stayed the adversary complaint against Donaldson. Upon conversion of the Debtor's Chapter 7 case to Chapter 11, the Debtor became a Debtor-in-Possession and the Chapter 7 Trustee no longer had authority to prosecute the adversary proceeding. Ultimately, the Debtor and Donaldson reached a settlement regarding Donaldson's claim which resolved the issues in the adversary proceeding. Accordingly, the Bankruptcy Court properly stayed the Trustee's adversary complaint because he lacked standing to prosecute the complaint upon conversion of the case to Chapter 11.

Moreover, an Order was entered by the Bankruptcy Court on May 18, 2019 staying the Trustee's adversary complaint and neither the Trustee nor Kopelman appealed from that Order. Accordingly, the issue of whether the adversary proceeding was properly stayed by the Bankruptcy Court is not on appeal and should not be considered by this Court.

16

## POINT IV - THE BANKRUPTCY COURT HAD JURISDICTION TO APPROVE THE TRUSTEE'S SETTLEMENT WITH DONALDSON

Donaldson acknowledges that while a case is on appeal, a lower Court cannot interfere with the Appellate Court's determination and jurisdiction over that appeal. Nevertheless, that tenet does not preclude parties' rights to settle their issues on appeal, which is exactly what happened here. The Trustee was required to obtain Bankruptcy Court approval of his settlement with Donaldson pursuant to F.R.B.P. 9019. The Court's approval of that settlement, did not adversely affect Kopelman's right to appeal as here we are before this Court on Kopelman's appeal of the Confirmation Order.

In fact, Kopelman raised this issue with this Court previously, and this Court specifically determined that the Bankruptcy Court should consider the approval of the settlement by and between Donaldson and the Trustee, and the parties were to report back to this Court regarding the status. [DCD #17]

For the foregoing reasons, Donaldson submits that the Bankruptcy Court had jurisdiction to approve his settlement with the Trustee.

## CONCLUSION

Appellee respectfully requests that this Court affirm the Order of the United States Bankruptcy Court confirming the Debtor's Chapter 11 Plan, and the Order approving the settlement between Donaldson and the Chapter 7 Trustee.

Respectfully submitted,

**GENOVA BURNS, LLC**
Counsel for Barry R. Donaldson, Appellee

Date:   November 8, 2021                    /s/    SCOTT S. REVER____
                                            SCOTT S. REVER

18

## **CERTIFICATE OF COMPLIANCE**
## **WITH BANKRUPTCY RULE 8015(a)(7)(A)**

This Brief complies with the length requirement of Bankruptcy Rule 8015(a)(7)(A) because it does not exceed 30 pages.


Dated: November 8, 2021                           */s/  SCOTT S. REVER*
                                                  SCOTT S. REVER