# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | |
| JOHN PATRICK O'GRADY | : | |
| | : | **Civil Action No. 20-cv-18906 (JXN)** |
| Debtor | : | **Civil Action No. 21-cv-16401 (JXN)** |
| | : | |
| | : | |
| KOPELMAN & KOPELMAN, LLP, | : | |
| | : | **OPINION** |
| Appellant, | : | |
| v. | : | |
| | : | |
| JOHN PATRICK O'GRADY, BARRY R. | : | |
| DONALDSON and BRIAN W. | : | |
| HOFMEISTER, ESQ., CHAPTER V | : | |
| TRUSTEE, | : | |
| | : | |
| Appellees. | : | |
| | : | |

**NEALS**, District Judge:

This matter comes before the Court upon the consolidated appeals by Kopelman & Kopelman, LLP, ("Appellant" or "Kopelman") of two rulings of the Bankruptcy Court in this matter: (1) Order Confirming Plan of Reorganization, entered on December 2, 2020, [Bankruptcy Docket ("BRD") #180, ECF No. 1-3], pending under Case no.: 2:20-cv-18906 (JXN); and (2) Order Approving Settlement, entered on August 18, 2021[BRD #237, ECF No. 1-3], pending under Case no.: 2:21-cv-16401 (JXN). Appellees Barry R. Donaldson (Donaldson Opp'n, ECF No. 26) and John W. Sywilok, Chapter 7 Trustee (Sywilok Opp'n, ECF No. 32) opposed, and Appellant replied (Appellant's Replies, ECF No. 30; ECF No. 32). Having considered the parties' submissions and having heard oral argument, for reasons stated herein, the Court **AFFIRMS** the Bankruptcy Court's decisions.

## I.    BACKGROUND

These consolidated appeals concern whether the Bankruptcy Court's approval of the settlement by and between the Debtor and Barry R. Donaldson ("Donaldson") incorporated in the Debtor's Confirmed Plan of Reorganization, and the subsequent settlement between the Chapter 7 Trustee and Donaldson, satisfied the requirements of *In re: Martin*, 91 F3d. 389 (3d Cir. 1996) and F.R.B.P. 9019.

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 9, 2019. [BRD #1]. On May 10, 2019, the Trustee was appointed Chapter 7 Trustee in the Debtor's bankruptcy case. [BRD #6]. On September 18, 2019, an Order was entered by the Bankruptcy Court authorizing the retention of Kopelman as counsel to the Chapter 7 Trustee. [BRD #27].

In the Debtor's bankruptcy schedules filed with the Bankruptcy Court, the Debtor scheduled that he owned certain real property located at 91 Midvale Mountain Road, Mahwah, New Jersey 07430 (the "Property") with a value of $750,000.00. [BRD #10, Schedule A]. In addition, the Debtor scheduled two mortgages on the Property, one in favor of TIAA Bank securing a debt in the amount of $650,000.00 and one in favor of Bank of America Home Equity securing a debt in the amount of $125,000.00. [BRD #10, Schedule D].

Prior to the Petition Date, Appellee Donaldson obtained a judgment against the Debtor in the Massachusetts Superior Court in the amount of $1,834,537.02 plus interest and costs. [*See* attachment to Claim no. 1 on Debtor's Claim register "DCR"]. Donaldson alleged the claim was incurred by the Debtor's fraud. Donaldson domesticated the judgment in New Jersey and obtained a Writ of Execution on November 21, 2018, from the Superior Court, Law Division, Bergen County, Docket Number DJ-165030-18. *Id.* Thereafter, the Bergen County Sheriff levied on the Property on Donaldson's behalf. *Id.*

Accordingly, on June 7, 2019, Donaldson filed a Proof of Claim in the Debtor's bankruptcy case for the judgment amount of $1,926,745.48, plus interest and costs, Claim Number 1 on the Bankruptcy Court's Claims Register.  Donaldson asserted a secured claim in the Property in the amount of the assessed value of the Property of $1,237,600.00 and a general unsecured claim in the amount of $689,145.48. *Id.*

The Trustee and Kopelman believed that the value of the Property exceeded the amount that the Debtor scheduled, and that there was equity over and above the mortgages. Accordingly, on October 24, 2019, the Trustee, through Kopelman filed an Adversary Complaint, Adv. Pro. No. 19-02213, against various alleged secured creditors including Donaldson to determine the extent, validity and priority amount of liens. [BRD #35].

As to Donaldson's claim, the Trustee alleged that New Jersey Court Rule 4:59(d)(1) required Donaldson to exhaust efforts to collect on his judgment from the Debtor's personal property before levying and accordingly, Donaldson's judgment lien was avoidable.  [BRD #35]. On December 30, 2019, Donaldson filed an answer denying that Rule 4:59(d)(1) has such an exhaustion requirement and the balance of the Trustee's allegations. [APD  #15].

While the Adversary Proceeding was pending, the Debtor filed a motion on April 7, 2020, to convert his case to a Chapter 11, Subchapter V case. [BRD #82]. On May 18, 2020, the Bankruptcy Court entered an Order granting the motion over the objection of the Trustee and his counsel. [BRD #91]. Due to the conversion of the Debtor's bankruptcy case to a Chapter 11, Subchapter V case, and the Trustee no longer being a Chapter 7 Trustee with authorization to pursue the Adversary Proceeding, the Bankruptcy Court entered a May 18, 2020 Order staying the Adversary Proceeding. [APD #19].

On September 21, 2020, the Debtor filed a Chapter 11 Small Business Plan [BRD #131], which Debtor amended on October 23, 2020. [BRD #152]. The Debtor's Plan memorialized an agreement by and between the Debtor and Donaldson with respect to Donaldson's claim, which required the Debtor to make monthly payments of $1,667.00 to Donaldson for 10 years, with Donaldson retaining his lien on the Property in the amount of $900,000.00, less payments made. [BRD #152, page 13 and 14].

The Trustee and Kopelman objected to the confirmation of the Debtor's Amended Plan. [BRD #160 and 162]. One of the objections was that Donaldson's claim was not secured or was avoidable and therefore the treatment under the Plan of Donaldson's claim was inappropriate. At the Confirmation Hearing, counsel for the Trustee expressed concern that if the Debtor defaulted on his payments and the case was converted to Chapter 7, there would be no recourse for the Debtor's other creditors.

On December 2, 2020, the Bankruptcy Court entered an Order confirming the Debtor's Chapter 11, Subchapter V Plan, which memorialized Donaldson's agreement to limit his secured claim to 50% of the equity over and above the first and second mortgage so that funds would be available to the Debtor's other creditors. The Bankruptcy Court entered the Order over the objection of the Chapter 7 Trustee and Kopelman. [BRD #173]. In addition, the Confirmation Order memorialized the agreement between Donaldson and the Debtor through which the Debtor agreed to a non-dischargeable judgment in favor of Donaldson in the amount of $250,000.00, less payments received by Donaldson under the Plan and/or from any sale of the Property. [BRD #173].

In the Confirmation Order, the Bankruptcy Court stated the following:

**ORDERED**, that the Court's findings set forth on the record on November 18, 2020 are supplemented as follows - The terms concerning the treatment of the

4

Donaldson claim under the Plan and this Order reflect a settlement of issues between Donaldson and the Debtor concerning the dischargeability of Donaldson's claim and the validity of Donaldson's alleged judgment lien. Such settlements are allowed to be incorporated into Chapter 11 plans under § 1123(b)(3) of the Bankruptcy Code. Counsel to the former Chapter 7 Trustee has argued that the Donaldson judgment lien can easily be avoided using the estate's "strong-arm powers" under § 544(a) of the Bankruptcy Code. In support, counsel has cited to *Matter of Silverman*, 2 B.R. 326 (Bankr. D.N.J. 1980). The Court has reviewed this decision as well as *In re Hillesland*, 2020 WL 4809882 (Bankr. D.N.J. 2020) and *Matter of Mariano*, 339 B.R. 334 (Bankr. D.N.J. 2006). The Court has also reviewed the Donaldson Proof of Claim (Claim 1-1) which attaches a Writ of Execution dated November 20, 2018 and proof of service of same. Based on this limited review, it appears that the process of avoiding Donaldson's judgment lien may involve factual issues such as whether Donaldson made a good faith effort to locate the Debtor's personal property before levying on the real estate. The Debtor's estate would be burdened with additional legal fees. Also, as set forth on the record at the confirmation hearing, even if the Donaldson judgment lien is set aside, Donaldson would be the largest unsecured creditor by far and would receive a substantial amount of the funds generated from the litigation against it. For these reasons (and those already stated on the record), the Court finds that the settlement is reasonable.

[BRD #237].

On December 16, 2020, Kopelman and the Trustee filed a Notice of Appeal to the District Court of New Jersey of the Order confirming the Debtor's Plan. [BRD #180]. After the Plan was confirmed, the Debtor failed to make required payments under the Plan, and accordingly Kopelman filed a motion to convert the case to Chapter 7. [BRD #192]. Thereafter Kopelman filed a second motion to convert the case to Chapter 7. [BRD #197]. By the March 31, 2021 Order of the Bankruptcy Court, the Debtor's case was reconverted to Chapter 7. [BRD #212].

After the reconversion, on April 5, 2021, the Trustee was reappointed Chapter 7 Trustee. [BRD #216]. Thereafter, the Trustee and Donaldson engaged in settlement discussions. On June 2, 2021, the Trustee filed a motion to approve a settlement by and between the Trustee and Donaldson to resolve the dispute regarding Donaldson's claim and to resolve the Trustee's appeal of the Confirmation Order. [BRD #221]. The settlement provided that upon the sale of the

Property by the Trustee, Donaldson would be entitled to a reduced amount of 45% of the equity over and above the first and second mortgage and that the bankruptcy estate would retain 55% of the equity over and above the mortgages. [BRD #221-2]. Moreover, the settlement provided that since it was anticipated that Donaldson would have such a large general unsecured deficiency claim after receipt of 45% of the sale proceeds, Donaldson subordinated the balance of his claim to the claims of the Debtor's other creditors to allow them a larger distribution. [BRD #221-2]. Lastly, the settlement provided for the Trustee's dismissal of the appeal of the Confirmation Order. [BRD #221-2].

On August 18, 2021, the Bankruptcy Court entered an Order approving the settlement by and between the Trustee and Donaldson over the objection of Kopelman. [BRD #237]. On August 31, 2021, Kopelman filed a Notice of Appeal with respect to the Bankruptcy Court's Order approving the settlement by and between the Trustee and Donaldson. [BRD#239].

## II.    STANDARD OF REVIEW[1]

The applicable standard of appellate review of an Order by a Bankruptcy Court approving a settlement is whether the Bankruptcy Court abused its discretion. *In re: Martin*, 91 F3d. 389, 391 (3d Cir. 1996); *Eichenholtz v. Brennan*, 52 F3d. 478, 487 (3d Cir. 1995).

The applicable standard of appellate review of an appeal of a confirmation order is that the Court's legal determinations are reviewed *de novo*, factual findings for clear error, and its

---

[1] The Bankruptcy Court had subject matter jurisdiction regarding order confirming Debtor's Chapter 11 plan pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the Bankruptcy Court. Confirmation of Debtor's plan is a core proceeding within the meaning of 28 U.S.C. §§ 157 (b)(2)(A), (B), (I), (L) and (O). Venue was and is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has jurisdiction to hear the instant appeals pursuant to 28 U.S.C. § 158 (a).

exercise of discretion for an abuse thereof. *In re: PWS Holding Corp.*, 228 F3d. 224, 235 (3d Cir. 2000); *In re: Environmental Energy, Inc.*, 188 F3d. 116, 122 (3d Cir. 1999).

## III.   DISCUSSION

Appellant contends that due to Donaldson's failure to obtain an order of the court authorizing a levy on Debtor's real estate, the levy made on Debtor's home by the Bergen County Sheriff on February 4, 2019, is void. Thereby, making Donaldson an unsecured creditor. Appellant further contends that the failure of the Debtor to follow the procedures set forth in Bankruptcy Rule 9019 (a) and D.N.J. LBR 9019-3 renders the Donaldson settlement void. Appellant further contends that assuming, arguendo, that the Bankruptcy Court was authorized to consider it at all, the settlement should have been denied on the merits. Appellant asserts that had Bankruptcy Court authorized the Trustee to continue the adversary proceeding it would have soundly promoted judicial economy. Instead, time and legal effort has and continues to be wasted unnecessarily. Appellant's Brf., ECF 8 at 14.

Appellee counters that the Bankruptcy Court did not abuse its discretion by approving the settlement by and between the Debtor and Donaldson, incorporated in the Debtor's Confirmed Plan or in approving the subsequent settlement by and between the Trustee and Donaldson. Donaldson Opp'n, ECF No. 26 at 11. Appellee further contends that if Donaldson's perfected judgment lien were found to be valid, there would be no equity in the Property available for the Debtor's creditors. *Id.* It is Appellee's position that New Jersey Court Rule 4:59(d)(1) does not require a judgment creditor to exhaust efforts to collect on personal property prior to levying, but rather a requirement to exhaust personal property prior to a sale by the judgment creditor. *Id.* Since Donaldson never sought to sell the Property under State law, Rule 4:59(d)(1) is inapplicable. Moreover, it was Donaldson's contention that he exhausted his efforts to collect

from personal property prior to his levy. *Id.* Moreover, the settlement resolved Donaldson's potential claim against the Debtor to object to the dischargeability of his debt, which Donaldson alleged was incurred by fraud and therefore not dischargeable under 11 U.S.C. §523. *Id.*

As to the subsequent settlement by and between Donaldson and the Trustee, Appellee contends that the settlement had substantial benefits for all parties involved. First, Donaldson agreed to a 5% reduction of the distribution he was supposed to receive pursuant to the settlement under the Debtor's Plan. *Id.* at 12. Settlements are favored in bankruptcy cases, and must comport with the Third Circuit's requirements for approval of settlements set forth in *In Re: Martin*, 91 F3d. 389 (3d Cir. 1996). *Id.* at 13.

The Third Circuit has held that in determining whether to approve a settlement of controversy, a court should consider the following four factors: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors (collectively the "*Martin* factors" or "*Martin* test"). *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *In re Neshaminy Office Bldg. Assoc.*, 62 B.R. 798, 803 (E.D.Pa. 1986)). The Third Circuit also observed that settlements are favored in bankruptcy to minimize litigation costs and to expedite administration of the estate. *Id.* The Bankruptcy Court held in its discretion that application of the aforementioned *Martin* factors to the facts here established that the settlements fell within the "range of reasonableness" which governs Rule 9019(a).

The first *Martin* factor, the probability of success in litigation, is impossible to predict. It is evident in this case that the probably of success is nowhere near "100 percent." *See Martin*, 91 F.3d at 393 (probability of success was 100 percent because a verdict already had been obtained). In the instant case, Appellee Donaldson obtained a judgment against the Debtor in the

Massachusetts Superior Court in the amount of $1,834,537.02 plus interest and costs. [*See* DCR,

attachment to Claim no. 1]. Donaldson alleged the claim was incurred by the Debtor's fraud.

Donaldson domesticated the judgment in New Jersey and obtained a Writ of Execution. *Id.*

Thereafter, the Bergen County Sheriff levied on the Property on Donaldson's behalf. *Id.* New

Jersey Court Rule 4:59-1. Execution, provides in relevant part:

> **(d) Order of Property Subject to Execution; Required Motion.**
> (1) *Execution First Made Out of Personal Property; Motion.* The execution shall
> be made out of the judgment debtor's personal property *before the judgment-*
> *creditor may proceed to sale of the debtor's real property. If the debtor's personal*
> *property is insufficient or cannot be located, the judgment creditor shall file a*
> *motion, on notice, for an order permitting the sale of the real property.* The motion,
> which shall not be joined with any other application for relief, shall be supported
> by a certification specifying in detail the actions taken by the judgment creditor to
> locate and proceed against personal property. The notice of motion shall state that
> if the motion is not successfully defended, the judgment debtor's real property will
> be subject to sale….

Rule 4:59-1(d)(1) (emphasis added). The Rule by its terms provides perquisites of exhaustion of

personal property and motion practice if personal property cannot be located. Since Donaldson

never sought to sell the Property under State law, Rule 4:59(d)(1) is inapplicable.  Moreover, the

settlement resolved Donaldson's potential claim against the Debtor to object to the

dischargeability of his debt. Donaldson alleged that his claim was incurred by the Debtor's fraud

and therefore, it was not dischargeable under 11 U.S.C. §523. Accordingly, Donaldson has met

the probability of success requirement.

Appellant misinterprets this *Martin* factor as requiring the Bankruptcy Court to litigate

and determine the ultimate issue before approving any settlement. If this were the case, there

would be no settlements in bankruptcy proceedings because every issue would have to be litigated

and determined prior to the Court approving a settlement. For the foregoing reasons, the first

prong of the *Martin* test weighs in favor of the settlement.

The second *Martin* factor, difficulty of collection, is not applicable as the claim being resolved involves avoidance of a perfected judgment lien and the non-discharegability of a claim against the Debtor. Accordingly, the bankruptcy estate's ability to collect is not at issue.

The third *Martin* factor, the complexity, expense, inconvenience, and delay of the litigation, weighs decidedly in favor of the settlement. Further litigation by and between the Debtor's estate and Donaldson would have resulted in substantial time and expense, unnecessary depletion of the estate and potentially extinguished any remaining equity. The settlement avoided these consequences and brought finality.

The final *Martin* factor, the paramount interests of creditors, also supports approval of the settlements.  The settlements resulted in a confirmed plan designed to enable the Debtor to retain his interest in his assets, including his residence, and preserved the estate for the benefit of all creditors.  Donaldson agreed to a 5% reduction of the distribution he was supposed to receive pursuant to the settlement under the Debtor's Plan. This settlement ensured that if there was any equity in the Property over and above the mortgages, funds would be available for the creditors of the estate, whereas if Donaldson's lien were determined valid the other creditors potentially would get nothing. Moreover, the settlement resolved the litigation associated with the appeal of the Confirmation Order.

For the foregoing reasons, the settlements were a reasonable exercise of the Debtor's and the Trustee's business judgment and satisfy the requirements of *In re: Martin* for approval of settlements. The Court will address the balance of Appellant's arguments.

Appellant argues that the settlement between the Debtor and Donaldson pursuant to the Confirmation Order was procedurally defective as no notice of settlement was issued pursuant to D.N.J. LBR 9019-3. As an initial matter, the purpose of the statute is to ensure that parties in

the case are given proper notice of settlements before the Bankruptcy Court. In this case, the settlement was incorporated in the Debtor's Chapter 11 Plan. As set forth in the Certification of Service filed by the Debtor with respect to the Plan, all creditors and parties in interest were served with the Plan. Accordingly, the service of the Plan and the Court's service of the notice of confirmation hearing on the Plan that incorporated the settlement is sufficient in lieu of the notice requirement of D.N.J. LBR 9019-3.

In addition, the Appellant failed to raise the issue of lack of appropriate notice under D.N.J. LBR 9019-3 with the Bankruptcy Court and accordingly, Appellant effectively waived the issue. Accordingly, the Court will not address it for the first time on appeal. *Continental Cas. Co. v. Dominic D'Andrea, Inc.*, 150 F3d 245, 251 (3d Cir. 1998) (Appellate Courts will not consider issues raised for the first time on appeal).

Appellant asserts that the Bankruptcy Court should not have stayed the adversary proceeding against Donaldson. Upon conversion of the Debtor's Chapter 7 case to Chapter 11, the Debtor became a Debtor-in-Possession and the Chapter 7 Trustee no longer had authority to prosecute the adversary proceeding. Ultimately, the Debtor and Donaldson reached a settlement regarding Donaldson's claim, which resolved the adversary proceeding. Accordingly, the Bankruptcy Court properly stayed the Trustee's adversary complaint because he lacked standing to prosecute the complaint upon conversion of the case to Chapter 11.

Moreover, an Order was entered by the Bankruptcy Court on May 18, 2019, staying the Trustee's adversary complaint and neither the Trustee nor Kopelman appealed that Order. Accordingly, the issue of whether the adversary proceeding was properly stayed is not before the Court.

Generally, a notice of appeal divests the lower court of jurisdiction over those matters on appeal. *See Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Venen v. Sweet,* 758 F.2d 117, 120 (3d Cir. 1985); *In re 710 Long Ridge Rd. Operating Co., II, LLC,* 13–13653 (DHS), 2014 WL 1648725, at *3, 2014 Bankr. LEXIS 1914, at *9 (Bankr. D.N.J. Apr. 24, 2014). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs,* 459 U.S. at 58, 103 S.Ct. 400. The Third Circuit has determined that " '[d]ivest' means what it says— the power to act, an all but a limited number of circumstances, has been taken away and placed elsewhere." *Venen,* 758 F.2d at 120 (footnote omitted). Nevertheless, that tenet does not preclude the parties' rights to settle their issues on appeal. The Trustee was required to obtain Bankruptcy Court approval of his settlement with Donaldson pursuant to F.R.B.P. 9019. The Court's approval of that settlement did not adversely affect Kopelman's right to appeal of the Confirmation Order. In fact, Kopelman raised this issue with this Court previously, and this Court specifically determined that the Bankruptcy Court should consider the approval of the settlement by and between Donaldson and the Trustee, and the parties were to report back to this Court regarding the status. [DCD #17].

F.R.B.P. 9019(a) ("9019(a)") authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy. Although Rule 9019(a) contains no standards for judicial approval of a settlement, case law directs the Court to determine whether the settlement is "fair and equitable" and "in the best interests of the estate." In re Apex Oil *Co.*, 92 B.R. 847 (Bankr. E.D. Mo. 1988); *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v.Anderson*, 390 U.S. 414 (1968); *In re Hydronic Enters., Inc.*, 58 B.R. 363 (Bankr. D.R.I.

12

1986). The settlement need not be the best that could have been achieved, but only must fall "within the reasonable range of litigation possibilities." *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted). *Id.* at 14.

## IV.    CONCLUSION

Based on the foregoing, the Court **AFFIRMS** the Bankruptcy Court's Order Confirming Plan of Reorganization, entered on December 2, 2020, [BRD #180], pending under Case no.: 2:20-cv-18906 (JXN); and Order Approving Settlement, entered on August 18, 2021[BRD #237], pending under Case no.: 2:21-cv-16401 (JXN) holding that Bankruptcy Court did not abuse its discretion by approving the settlement by and between the Debtor and Barry R. Donaldson incorporated in the Debtor's Confirmed Plan of Reorganization, and the subsequent settlement between the Chapter 7 Trustee and Donaldson were within the reasonable exercise of the Debtor's and the Trustee's business judgment, and satisfied the requirements of *In re: Martin*, 91 F3d. 389 (3d Cir. 1996).

An appropriate Order accompanies this Opinion.


DATED: April 8, 2022                                         **JULIEN XAVIER NEALS**
                                                            United States District Judge